Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Annie Aboulian (SBN 280693)
annie@donigerlawfirm.com
DONIGER / BURROUGHS APC
300 Corporate Pointe, Suite 355
Culver City, CA 90230
Telephone: (310) 590-1820
Facsimile: (310) 417-3538

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED FABRICS INTERNATIONAL, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>DOES 1-10,<br><br>Defendants. | Case No.: CV12-02962 CBM (PLAx)<br><u>Honorable Consuelo B. Marshall Presiding</u><br><br>**PLAINTIFF'S OPPOSITION TO URBAN OUTFITTERS, INC.'S MOTION TO QUASH SUBPOENA AND REQUEST FOR SANCTIONS AND AN AWARD OF ATTORNEYS FEES; DECLARATION OF SCOTT A. BURROUGHS, ESQ. IN SUPPORT THEREOF**<br><br>Date: June 25, 2012<br>Time: 10:00 a.m.<br>Courtroom: 2<br><br>Presiding Judge: Honorable Consuelo B. Marshall<br>Magistrate Judge: Paul L. Abrams |

Plaintiff United Fabric International, Inc. (hereinafter "UFI"), through its undersigned counsel, hereby submits this opposition to the Motion to Quash Subpoena by Urban Outfitters, Inc. (hereinafter "Urban"). For the reasons more fully set forth below, the Motion should be denied.

## I. INTRODUCTION

Initially, Plaintiff objects to this motion being noticed for hearing before Hon. Consuelo B. Marshall, the District Judge in this matter. As this motion and set hearing relates to a discovery matter, Urban should have noticed it before Magistrate Judge Paul L. Abrams. For that reason alone it should be denied.

It should also be denied on the merits since the instant motion is a transparent attempt to thwart Plaintiff's exclusive rights under the Copyright Act to seek redress for the theft of its intellectual property. To do that, UFI must find out the identities of the Defendants, all of whom are presently named as "DOES". UFI subpoenaed Urban for precisely this essential information so that it could amend the complaint and serve Defendants with this action. Therefore, the Court should reject Urban's motion to quash and order Urban to respond to the subpoena.[1]

Urban alleges that (1) the subpoena improperly seeks production of privileged or protected documents prior to the time for commencement of discovery as set forth in Federal Rule of Civil Procedure 26(d), (2) UFI seeks to circumvent the discovery cut-off in a related action, and (3) the Court should impose sanctions on UFI and its Counsel and award Urban attorney's fees. *See* Memorandum in Support of Motion to Quash Subpoena. These claims should be rejected by the Court.

First, Urban's argument that the subpoena seeks production of documents prior to the time for commencement of discovery is not on point. While it is true

---

[1] In the alternative, UFI has also filed an *Ex Parte* Motion for Leave to Conduct Discovery Prior to Rule 26(f) Conference in this action. Burroughs Decl. ¶9.

- 1 -

that in most cases, the plaintiff cannot begin to conduct discovery until it has held a Rule 26(f) Meeting with the defendants, UFI cannot follow this rule when it does not know the identity of the defendants with which it is required to confer. Because of these circumstances, the Court should order Urban to respond to the subpoena so UFI can proceed with this litigation pursuant to the Federal Rules.

Second, Plaintiff's subpoena in this action is not meant to circumvent the discovery cut-off in the related action. Discovery is closed in that case and the deadline for amending pleadings has long passed.  The only utility to be gained from discovering the identity of other parties to that infringement at this juncture is to ensure that they do not escape liability as a result of Urban's earlier concealment.  The information is sought for use in *this* case, not the older one. Urban should be compelled to produce the identities of these Defendants in response to this subpoena in this action so that UFI can protect its intellectual property.

Finally, because Plaintiff's subpoena was issued in order to move this case forward and not for any improper purpose, Plaintiff has acted reasonably such that no award of sanctions is in order.

## II.     FACTUAL BACKGROUND OF DISPUTE

Plaintiff UFI is a Los Angeles-based textile company that creates original textile designs in-house and also purchases original artwork from reputable art studios. Burroughs Decl. ¶ 2. UFI owns the rights to an original work of art, including Copyright No. VAu 720-324, which it purchased from Atmosphere Studio, a reputable Italian art studio. Burroughs Decl. ¶ 4. Using this art work as source material, UFI created an original textile design entitled "Evaleen", the subject design in this litigation. Id.

On October 20, 2010, UFI brought suit against Urban for copyright infringement in *United Fabrics International v. Urban Outfitters, Inc., et al.*, Case No. CV 10-7985 CBM (PLAx) (hereinafter the "Urban Action"). Burroughs Decl.

- 2 -

¶ 4. Throughout the discovery period in the Urban Action, UFI attempted to obtain the identities of additional Doe Defendants—retailers to which Urban had sold the infringing design and/or third parties involved in the manufacture of the infringing garments. Burroughs Decl. ¶¶ 5 and 6, Exs. 1, 2, 3 and 4. Urban refused to produce any such information to Plaintiff in this prior litigation. Id. Despite Urban's attempts at concealment, UFI is committed to protecting its intellectual property and now seeks through the subject subpoena in this litigation to discover the identities of these parties so that it can pursue legal action against them. Burroughs Decl. ¶ 7, Ex. 5.

### III. ARGUMENT

#### A. PLAINTIFF'S SUBPOENA PROPERLY SEEKS IDENTIFICATION OF ANONYMOUS DOE DEFENDANTS.

Urban's argument that UFI's subpoena was premature because it was served before the parties conducted a standard Rule 26(f) Conference (*see* Memorandum in Support of Motion to Quash Subpoena, p. 4) is a classic Catch-22. Under Urban's approach, no discovery can ever be served to determine the identity of defendants until a Rule 26(f) Conference is held, but no Rule 26(f) conference can be held until Plaintiff determined the identity of the Defendants so that they can be added to the complaint and served – for which it needs to conduct discovery.

Urban correctly states in its moving papers that "[UFI] has not served the summons and complaint on any defendant in this action." Memorandum in Support of Motion to Quash Subpoena, p. 4. But it ignores the fact that the only Defendants in this action are "DOE" Defendants as UFI has yet to obtain the requested identities of the Doe Defendants named in its complaint. In order for UFI to do so and be able to further this litigation, Urban must comply with UFI's subpoena. Urban is unduly delaying United's lawful claim of copyright infringement by

refusing to produce the necessary identifying information requested by the subpoena.

FRCP 26(b)(1) states that for good cause, the court may order discovery of any matter relevant to the subject matter involved in this action. More specifically and most relevant to this case, there is persuasive precedent for a federal court ordering a party to reveal the identities of DOES in copyright cases. *Liberty Media Holdings, LLC v. DOES 1-59*, 2011 WL 292128 (S.D. Cal., January 25, 2011). In *Liberty Media Holdings*, the Plaintiff similarly issued a subpoena for the identities of Doe Defendants in a copyright infringement case prior to the parties' Rule 26(f) Conference. The Court in that case ordered the identities be revealed pursuant to Plaintiff's subpoena, applying the standard used in *Columbia Insurance Company v. Seescandy.com, et al,* 185 F.R.D. 573 (1999)*:* (1) Plaintiff should identify the missing party with sufficient specificity such that the court can determine that defendant is a real person or entity who could be sued in federal court; (2) plaintiff should identify all previous steps taken to locate the elusive defendant; (3) plaintiff should establish to the court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss; and (4) plaintiff should file a request for discovery with the court. While *Seescandy.com* involved a case of online infringement by anonymous Internet users, this test should guide this Court's determination of whether Plaintiff's subpoena was proper in this case as well. As explained more fully below, UFI has met all four prongs of this standard and thus, the Court should deny Urban's motion to quash.

**1. United Identified the Missing Parties with Sufficient Specificity.**

First, under the *Seescandy.com* standard, the plaintiff should identify the missing defendant with enough specificity to allow the Court to determine that the defendant is a real person or entity who could be sued in federal court. *Seescandy.com*, 185 F.R.D. at 578.  In this case, UFI sufficiently identified the type of persons or entities the Doe Defendants are in both its complaint as well as

- 4 -

its subpoena to Urban. In the complaint in this action, UFI describes the Doe Defendants as

> a manufacturer, and/or a vendor (and/or agent or employee to a manufacturer or vendor) of garments to Defendant, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying fabrics and other product printed with Plaintiff's copyrighted designs…without Plaintiff's knowledge or consent or have contributed to said infringement. Dkt. 1.

This description sufficiently identifies the Doe Defendants as real persons or entities who could be sued in this Court for copyright infringement. Furthermore, UFI's subpoena to Urban seeks to discover the identities of parties involved in Urban's purchase, marketing, and selling of the infringing product. Burroughs Decl. ¶ 7, Ex. 5. Such parties are directly and/or indirectly involved in infringing UFI's copyrights and thus, are Defendants who could be sued in federal court in this action.

### 2. United Attempted to Locate These Doe Defendants in the Prior Related Action, but Urban Refused to Reveal Their Identities.

Second, the plaintiff must make a good faith effort to identify and "locate the elusive defendant." *Seescandy.com*, 185 F.R.D. at 579. The Court may "suspend time-honored procedural rules" in cases involving unidentified Defendants if the Plaintiff, in good faith, "attempted to ascertain the identity of these individuals." *Plant v. Does*, 19 F.Supp.2d 1316. Where the Plaintiffs in *Plant v. Does* did "not indicate that they [had] even ever attempted" to discover the identities of the Doe Defendants in that case, the Court refused to suspend Rule 26. Here, on the other hand, UFI made several attempts to find out the identities of these Doe Defendants through the customary channels of discovery in the Urban Action. Burroughs Decl. ¶¶ 5 and 6, Exs. 1, 2, 3, and 4.

On March 9, 2011, UFI propounded its First Request for Production of Documents to both Urban and Zappos.com, the other Defendant in that matter, in

- 5 -

which UFI requested, inter alia, documents that "show…YOUR obtainment of the SUBJECT PRODUCT from any other party within the last five (5) years" as well as documents "relating to YOUR distribution and sale of the SUBJECT PRODUCT, including, but not limited to, all purchase orders, invoices, sales receipts,…and any other document pertaining to YOUR sale of SUBJECT PRODUCT within the last five (5) years." Burroughs Decl. ¶ 5, Exs. 1 and 2. Urban did not produce these documents in its April 11, 2011 responses to UFI's discovery, nor in its June 16, 2011 supplemental responses. Id.

Also on March 9, 2011, UFI propounded Interrogatories to both Urban and Zappos.com in the Urban Action, in which UFI asked both defendants to "IDENTIFY all witnesses with…information concerning RESPONDING PARTY'S purchase, sale or distribution of the SUBJECT PRODUCT" and "PERSONS which were…involved in manufacturing SUBJECT PRODUCT into garments or other products." Burroughs Decl. ¶ 6, Exs. 3 and 4. Again, Urban failed to sufficiently respond to these interrogatories in its April 11, 2011 responses and in its June 16, 2011 supplemental responses, continuing to conceal any additional retailers with which it conducted business regarding the infringing product. Id.

Due to Urban's deliberate concealment of this relevant, necessary, and nonprivileged information and utter lack of cooperation in discovery in the Related Action, UFI was unable to identify the Doe Defendants in that action. Therefore, UFI attempted to obtain this necessary information with a subpoena to Urban in this action. Burroughs Decl. ¶ 7, Ex. 5.

### 3. Plaintiff's Suit Against Doe Defendants Could Withstand a Motion to Dismiss.

The plaintiff should be given an opportunity through discovery to identify unknown Doe Defendants, unless it is clear that discovery would not yield such information or that the complaint would not withstand a motion to dismiss. *Gordon*

- 6 -

PLAINTIFF'S OPPOSITION TO URBAN OUTFITTERS, INC.'S MOTION TO QUASH SUBPOENA

*v. Leeks*, 574 F.2d 1147, 1152 (4th Cir. 1978), cert. denied, 439 U.S. 970, 99; *see Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430-431 n.24 (9th Cir. 1977) and *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978). Not only is it very likely that the Doe Defendants will be unmasked by Urban's compliance with this subpoena, but with this information, the allegations in Urban's complaint, if proven, would withstand a motion to dismiss and would likely provide relief to Plaintiff UFI.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). Here, UFI's complaint sufficiently states a claim to relief for copyright infringement, as UFI clearly pleads its ownership of a valid copyright in the subject design and that Doe Defendants copied the same. This factual matter, taken as true, would withstand a motion to dismiss. As such, Urban's motion to quash should be denied so that UFI can conduct discovery to yield the identities of the Doe Defendants.

**4. Plaintiff Has Moved *Ex Parte* for Expedited Discovery in This Action.**

Lastly, Plaintiff has made a request for discovery to the Court in its *Ex Parte* Motion for Leave to Conduct Discovery Prior to the Rule 26(f) Conference, which was filed with this Court on May 25, 2012. In the alternative to denying Urban's Motion to Quash in its entirety, UFI asks that its motion for expedited discovery in order to uncover the identities of the Doe Defendants in this action be granted.

**B. UFI DOES NOT SEEK TO CIRCUMVENT THE DISCOVERY CUT-OFF DATE IN THE PRIOR ACTION AGAINST URBAN.**

Urban's inflammatory argument that UFI, through the subpoena, seeks to circumvent the discovery cut-off date in the Urban Action is baseless. Although

- 7 -


this action and the Urban Action allege copyright infringement of the same "Evaleen" design, UFI's effort to discover the identity of the Doe Defendants here is unrelated to the Urban Action. The defendants in the Urban Action, including Urban, "Intimately Free People", and Zappos.com, are not named defendants in this action. UFI seeks to uncover additional, separate Doe Defendants through this subpoena.

### C. THE COURT SHOULD NOT IMPOSE SANCTIONS ON PLAINTIFF AND ITS COUNSEL NOR AWARD URBAN ANY ATTORNEY'S FEES.

As UFI's subpoena properly seeks to identify the Doe Defendants in this action, Urban's motion to quash should be denied in full. As such, sanctions and attorney's fees are improper and should be denied as well.

### IV.  CONCLUSION

For all of the above reasons, Urban's motion to quash should be denied.  In the alternative, Plaintiff respectfully requests that the Court grant Plaintiff leave to conduct discovery before the setting of the Rule 26(f) Conference, and/or that the date of compliance on the subpoena be continued until following the completion of the Rule 26(f) Conference.

Respectfully submitted,

DONIGER / BURROUGHS APC

Dated: June 4, 2012                    By:    /s/ Annie Aboulian_____
                                              Scott A. Burroughs, Esq.
                                              Annie Aboulian, Esq.
                                              Doniger / Burroughs APC
                                              Attorneys for Plaintiff

## **DECLARATION OF SCOTT A. BURROUGHS, ESQ.**

I, Scott A. Burroughs, Esq., hereby declare as follows:

1.  I am senior counsel with the firm Doniger / Burroughs APC, attorney of record for United Fabrics International, Inc. ("UFI"), and have personal knowledge of all matters set forth herein, except for those matters stated on information and belief and as to those matters, I believe them to be true.

2.  Plaintiff UFI is a textile company based in Los Angeles. UFI's appealing design portfolio makes it a reputable company in the industry, known for its offering of trendy, fashion-forward designs.

3.  UFI filed this lawsuit for copyright infringement against only Doe Defendants and has yet to serve the summons and complaint on any defendant in this matter because UFI does not know the names or addresses of such Doe Defendants.

4.  This case is related to another case also pending before this Court, entitled *United Fabrics International, Inc. v. Urban Outfitters, Inc., et al.*, CV10-8975 CBM (PLAx) ("Urban Action"), in that both cases deal with the same infringement of the same design (Plaintiff's "Evaleen" design) on the same garments. However, the Urban Action does not seek relief against the parties responsible for supplying the infringing garments to Urban Outfitters because Urban refused to identify its vendors prior to the expiration for the deadline for amending the Complaint in that matter.

5.  UFI attempted to obtain through discovery the identities of additional Doe Defendants in the Urban Action, but Urban refused to produce any such information. Attached hereto as **Exhibits "1" and "2"** are true and correct copies of Urban's First and Supplemental Responses, respectively, to UFI's First Request

- 9 -

for Production of Documents. Unfortunately, UFI ran out of time to compel Urban to provide the identity of those vendors before the expiration of the discovery period in that case.

6. Attached hereto as **Exhibits "3" and "4"** are true and correct copies of Urban's First and Supplemental Responses, respectively, to UFI's Interrogatories to Urban in the Urban Action.

7. Due to Urban's practice of concealment in the Urban Action, UFI sought the necessary identifying information about the Doe Defendants in this action through a subpoena of Urban as a third party witness to this action. Attached hereto as **Exhibit "5"** is a true and correct copy of the Subpoena to Produce Documents, Information, or Objects, or to Permit Inspection of Premises in a Civil Action, which was issued by the United States District Court, Central District of California and served onto Urban on or about April 24, 2012.

8. UFI does not know who sold the infringing garments to Urban, and thus will not be able to serve any defendants or otherwise move this case forward unless it is able to first conduct discovery to identify those suppliers.  This motion is not brought for any improper purpose or delay, but only because it is necessary to prosecute parties responsible for selling garment that this Court has already found to be infringing.

9. UFI also filed an *Ex Parte* Motion for Leave to Conduct Discovery Prior to Rule 26(f) Conference in this action on May 24, 2012 so that UFI could discover the identities of Doe Defendants and be able to serve them with the summons and complaint in this matter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 4, 2012                           By:    /s/ Scott A. Burroughs_____
                                                    Scott A. Burroughs, Esq.